## INJURY TO EYE BY A PIECE OF GRAVEL THROWN BY A FAST TRAIN.

Circuit Court of Cuyahoga County.

ERIE RAILROAD COMPANY v. SAM CIOFALO.*

Decided, March 20, 1911.

*Employee of Railroad Injured by Stone Thrown by Passing Train—Inconsistencies in Testimony—Bill of Exceptions.*

1. A laborer on a railroad may recover damages for injuries to his eye caused by a stone or cinder thrown or shot into it by a fast passenger train, from a pile negligently left between the rails where he was working.

2. Inconsistencies may occur in the testimony of truthful witnesses; it is for the jury to reconcile them.

3. A trial judge may make such annotations and corrections on a bill of exceptions as, in his judgment, it requires.

*Cushing, Siddall & Palmer,* for plaintiff in error.
*Harry F. Payer,* contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

This was a personal injury damage case in which Ciofalo, a laborer on the road, recovered damages for injuries to his eye which he claimed were occasioned by a stone or cinder thrown or shot into it by a fast passenger train from a pile negligently left between the rails where he was working.

Counsel for plaintiff in error has given us a very full brief on the evidence introduced at the trial which has been carefully examined, as well as the record. There are some contradictions in the testimony of different witnesses, but the plaintiff himself sustained his claim by his own testimony, and we see no reason for upsetting the verdict on the weight of the evidence.

The railroad company claimed that Ciofalo had a bad eye and had been seen with a bandage over it sometime before the day on which he claimed that he was injured. What of that? It

---

*Affirmed without opinion, *Erie Railroad Co.* v. *Ciofalo,* 86 Ohio State, 322.

is shown by his doctor that at this time he had a laceration of the eye and Dr. Burke testified to a recent scar. It is fate that one always gets hurt in his tender spot. A good eye might have closed in time to avert the damage. The verdict was not large.

It is claimed that one witness for plaintiff, Joe Granato, who testified that he was present when Ciofalo was hurt, could not have been present on that day. Perhaps Ciofalo was mistaken as to the date of the accident. His doctor could not give the exact date and the plaintiff was an ignorant foreigner.

Ciofalo says Granato was with him on the same side of the track, when the passenger train went by. He says he was on the south side of the track; Granato says he was on the north side of the track. One or the other is mistaken. What of it? They both claim they were together.

Other inconsistencies in the testimony are pointed out, but they have not impressed us as graver than those usually found in the testimony of truthful witnesses.

Complaints made regarding a want of certain allegations in the petition, are not verified upon an examination of it, and criticisms of the charge, though numerous, are not grave. We find no prejudicial error in it.

We also think the trial judge had a right to make such annotations on the bill of exceptions as in his judgment it required. We find none, however, that prejudice the rights of the plaintiff in error.

It is claimed that the plaintiff's counsel was guilty of misconduct both in the examination of witnesses and in his argument to the jury.

As to the examination of witnesses, the claim agent of the company was not submitted to any more embarrassing examination than is usually and lawfully indulged in, when such agents are introduced as witnesses. The same is true of other employees of the company, who were witnesses. Said counsel's claims as to what the evidence showed were' always corrected by him or the court, when he was mistaken.

The trial judge certifies that some unfortunate wrangling between counsel during the argument was provoked by counsel for plaintiff in error.

It may be assumed that this was true, but, while showing some unnecessary heat and irrelevant allusions, we are unable to conclude that the verdict was influenced thereby.

We have examined all the rulings on evidence called to our attention on the argument, and in the brief of counsel and find no error.

Judgment affirmed.